1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8           FOR THE EASTERN DISTRICT OF CALIFORNIA

9   ORLANDO MADUENO,

10              Plaintiff,              No. 2:11-cv-0589-FCD-JFM (PC)

11        vs.

12   ARAMARK FOOD SERVICE
     PROVIDER; SOLANO COUNTY;

13

14              Defendants.            ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

24   in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

25   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

26   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

1

1   payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

2   account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

3   each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

4   U.S.C. § 1915(b)(2).

5        The court is required to screen complaints brought by prisoners seeking relief

6   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

9   be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10  U.S.C. § 1915A(b)(1),(2).

11       A claim is legally frivolous when it lacks an arguable basis either in law or in

12  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

13  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.

15  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

16  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

17  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

18       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

19  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

21  Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v.

22  Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a

23  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

24  must contain factual allegations sufficient "to raise a right to relief above the speculative level."

25  Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only

26  "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'""

2

1   Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964,

2   in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this

3   standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,

4   and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416

5   U.S. 232, 236 (1974).

6   A.       Plaintiff's Allegations

7           Plaintiff names Aramark Food Service Provider ("Aramark") and Solano County

8   as defendants to this action.  Plaintiff alleges that defendants serve inmates at the Solano County

9   Jail in Fairfield, CA the same meal every day, a "so-called 'breakfast bar' which consists of cake

10  mixed with vegetables [and] leftover foods[.]"  Compl. at 4.  Plaintiff alleges that these

11  "repetitive meals" are intended to punish prisoners and constitute "psychological and physical

12  abuse" in violation of the Eighth Amendment's ban on cruel and unusual punishment.  Id.

13  Plaintiff alleges that the breakfast bars do not constitute "hot meals," and that defendants are in

14  violation of unspecified state or institutional regulations providing that inmates shall be served

15  two hot meals a day.[1]  Id. at 4-5.

16          Plaintiff also alleges that there is no proper grievance procedure in place at the

17  Solano County Jail, as "[i]t is commonplace for inmates to file grievance(s) on the official

18  figures that supervise them in custody."  Compl. at 6.  Petitioner alleges that there is no "chain of

19  command to regulate the grievance process by rank and authority"; rather, "a petition or

20  grievance is answered by the same person at every level[.]"  Id.  The undersigned construes this

21  as a claim that the lack of a proper grievance procedure at the Solano County Jail violates

22  petitioner's constitutional right to due process.

23  /////

24  /////

25

26      [1] Plaintiff refers to exhibits in connection with these allegations, but no such exhibits are
    attached to the complaint.

1  II.       Discussion

2         A.       Eighth Amendment

3              "'Because routine discomfort is part of the penalty that criminal offenders pay for

4  their offenses against society, only those deprivations denying the minimal civilized measure of

5  life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.'"

6  Somers v. Thurman, 109 F.3d 614, 623 (1997), quoting Hudson v. McMillian, 503 U.S. 1 (1992)

7  (omitting internal quotations and citations).

8         [A] prison official cannot be found liable under the Eighth Amendment for
          denying an inmate humane conditions of confinement unless the official knows of
9         and disregards an excessive risk to inmate health or safety; the official must both
          be aware of facts from which the inference could be drawn that a substantial risk
10        of serious harm exists, and he must also draw the inference.

11  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

12             However, "[p]rison officials have a duty to ensure that prisoners are provided

13  adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v.

14  Lewis, 217 F.3d 726, 731 (9th Cir. 2000), citing, inter alia, Farmer v. Brennan, 511 U.S. at 832,

15  114 S. Ct. 1970;  Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982) ("[A]n institution's

16  obligation under the Eighth Amendment is at an end if it furnishes sentenced prisoners with

17  adequate food, clothing, shelter, sanitation, medical care, and personal safety" [internal

18  quotations omitted]).   When an inmate has been deprived of necessities, "the circumstances,

19  nature and duration of a deprivation...must be considered in determining whether a constitutional

20  violation has occurred." Johnson, supra, at 731.  Here, the complaint states a sufficiently, at this

21  point, colorable Eighth Amendment claim against defendant Solano County pursuant to 42

22  U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

23             Plaintiff fails to state a claim against defendant Aramark, however.  In order to

24  state a claim under § 1983, a plaintiff must allege that:  (1) defendant was acting under color of

25  state law at the time the complained of act was committed; and (2) defendant's conduct deprived

26  plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United

4

1   States.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988).  Private parties are

2   generally not considered to be acting under color of state law for purposes of liability under

3   § 1983.  See Price v. Hawai'I, 939 F.2d 702, 707-08 (9th Cir. 1991).   However, it is possible for

4   a private party to act under color of state law where conspiracy with state officials is alleged.

5   See Tower v. Glover, 467 U.S. 914, 920, 104 S.Ct. 2820 (1984).  Plaintiff has alleged no such

6   conspiracy.

7             Plaintiff also has not linked Aramark to any harmful conduct and has merely

8   alleged that it delivered meals ordered by the prison.  The Civil Rights Act requires that there be

9   an actual connection or link between the actions of the defendants and the deprivation alleged to

10  have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658

11  (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of

12  a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in

13  another's affirmative acts or omits to perform an act which he is legally required to do that

14  causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

15  Cir. 1978).  Because plaintiff has failed to allege a constitutional claim against Aramark, this

16  defendant will be dismissed; however, plaintiff will have an opportunity to amend the complaint.

17             B.      Due Process

18             Plaintiff alleges that the grievance procedure at Solano County Jail is

19  constitutionally inadequate.  However, prisoners do not have a "separate constitutional

20  entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860

21  (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988).  Even the

22  non-existence of, or the failure of prison officials to properly implement, an administrative

23  appeals process within the prison system does not raise constitutional concerns.  Mann v.

24  Adams, 855 F.2d 639, 640 (9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th

25  Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10

26  (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer

5

1  any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest

2  requiring the procedural protections envisioned by the fourteenth amendment").  State

3  regulations give rise to a liberty interest protected by the Due Process Clause of the federal

4  constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical

5  and significant hardship on the inmate in relation to the ordinary incidents of prison life."

6  Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995).  Thus, plaintiff's due process

7  claims concerning the Solano County Jail's grievance procedure must also be dismissed with

8  leave to amend.

9  III.    Leave to Amend

10         Upon review of plaintiff's complaint and for the reasons discussed, plaintiff's

11  complaint states only an Eighth Amendment claim against defendant Solano County.  If plaintiff

12  chooses to amend the complaint to remedy the deficiencies noted, plaintiff must demonstrate

13  how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

14  rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in

15  specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

16  § 1983 unless there is some affirmative link or connection between a defendant's actions and the

17  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633

18  F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

19  Furthermore, vague and conclusory allegations of official participation in civil rights violations

20  are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

21         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

22  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

23  complaint be complete in itself without reference to any prior pleading.  This is because, as a

24  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

25  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

26  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

1  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

2           In accordance with the above, IT IS HEREBY ORDERED that:

3           1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

4           2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

5  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

6  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

7  Director of the California Department of Corrections and Rehabilitation filed concurrently

8  herewith.

9           3.  Should plaintiff choose to amend his complaint, he shall complete the attached

10  Notice of Amendment and submit the following documents to the court within thirty days from

11  the date of this order:

12           a.  The completed Notice of Amendment; and

13           b.  An original and one copy of the Amended Complaint.

14  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

15  Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

16  bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to

17  file an amended complaint in accordance with this order may result in the dismissal of this

18  action.

19           4.  If plaintiff does not submit a Notice of Amendment within the thirty-day

20  period, then this matter will proceed on plaintiff's Eighth Amendment claim against Solano

21  County.

22  DATED: July 1, 2011.

23

24  _____
    UNITED STATES MAGISTRATE JUDGE

25

26

1

2

3

4

5

6

7

8

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE EASTERN DISTRICT OF CALIFORNIA

11  ORLANDO MADUENO,

12            Plaintiff,                    No. 2:11-cv-0589-FCD-JFM (PC)

13        vs.

14  ARAMARK FOOD SERVICE
PROVIDER; SOLANO COUNTY;
15                                          NOTICE OF AMENDMENT
         Defendants.
16  _____/

17        Plaintiff hereby submits the following document in compliance with the court's

18  order filed _____:

19        _____        Amended Complaint

20  DATED:

21

22

23                              _____
                                Plaintiff

24

25

26

8